IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2257-FL

| | |
|---|---|
| JOHN CHI-KWANG LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN TRACY JOHNS; ) | |
| VIRGINIA HARRIS; AND LYNN ) | |
| SPEERS, ) | |
| Respondents. | |

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondents, arguing that they failed to place him in a Residential Reentry Center ("RRC") six months prior to the expiration of his sentence. As relief, petitioner requests immediate transfer to a RRC. Now before the court are respondents' motion to dismiss (DE # 7) and petitioner's motion for sanctions (DE # 10), both of which are ripe for adjudication.

The Bureau of Prison's website indicates that petitioner has been transferred to CCM Raleigh, a RRC. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=21364-058 (accessed Aug. 16, 2011). Based on this information, petitioner's claim is moot because he received the relief he sought and it is unlikely that he will return to the Federal Correctional Institution in Butner, North Carolina prior to his release. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); see also Mills v. Green, 159 U.S. 651, 653 (1895); Belasco v. Warden, Fed. Corr. Inst. Big Spring, 156 F. App'x. 671 (5th Cir.

2005) (per curiam). Accordingly, petitioner's request to be transferred to an RRC and respondents' motion to dismiss are DENIED AS MOOT. The court *sua sponte* dismisses this case for lack of subject matter jurisdiction.

The court next turns to petitioner's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, by presenting a written motion to the court, an attorney or unrepresented party is certifying, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the motion "is not . . . presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" that "the claims, defenses, and other legal contentions are warranted by existing law;" and that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). The Fourth Circuit has recognized that "maintaining a legal position to a court is only sanctionable when, in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002) (internal quotation marks omitted).

Petitioner alleges that sanctions are warranted because respondents' request for an extension of time was an unjustifiable attempt to delay the adjudication of his action. The court has discretion to impose sanctions under Rule 11, see Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc., 160 F.3d 170, 177 (4th Cir. 1998) ("The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." (quotation omitted)), and determines that petitioner has failed to demonstrate that discretionary sanctions are warranted in this action. Specifically, there has been no showing of prejudice or delay in this action. Accordingly, petitioner's motion for sanctions is DENIED.

2

Next, the court addresses petitioner's motion to amend his petition.[1] Petitioner's request to amend his petition requires leave of court. See F.R.Civ.P. 15(a). "Motions to amend are committed to the discretion of the trial court," see Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991), and will only rarely be denied, see, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962). Here, however, petitioner's motion to add Community Corrections Manager Gary Moore and Assistant Warden Gonzalez as respondents in this action must be denied because these individuals are not proper respondents in a habeas corpus petition; the only proper respondent in a habeas corpus action is the petitioner's immediate custodian (*i.e.*, the warden or the superintendent of the facility in which the petitioner is incarcerated). See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Petitioner also seeks to alter the phrasing of two paragraphs in his petition, but these alterations do not change the outcome of petitioner's action. Accordingly, petitioner's motion to amend is DENIED as futile.

Finally, the court addresses petitioner's random allegations concerning the conditions of his confinement that he raises in his response and motion for sanctions. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983 (if a state inmate) or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (if a federal inmate). See also Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). As such, petitioner's attempted Bivens claim is not appropriate under 28 U.S.C. § 2241. These allegations will not be addressed.

---

[1] Petitioner did not actually file a motion to amend. Instead, he simply filed an amended petitioner outside the time period allowed to do so as of right.

3

In summary, petitioner's request for a writ of habeas corpus (DE # 1) and respondents' motion to dismiss (DE # 7) are DENIED AS MOOT, and the action is DISMISSED on the court's motion for lack of subject matter jurisdiction. Petitioner's motion for sanctions (DE # 10) and request to amend are DENIED.

SO ORDERED, this the 17th day of August, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

4